IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUTHER PAUL STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:13-cv-859-MEF |
| | ) | (WO – Do Not Publish) |
| THE CITY OF MONTGOMERY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff Luther Paul Stewart's ("Stewart") complaint for failure to state a claim upon which relief can be granted (Doc. #9). Stewart, a former member of the Montgomery Fire Department ("the Department"), brings suit against the City of Montgomery, Montgomery Fire Chief Miford Jordan ("Jordan"), Lieutenant William A. Fulton ("Fulton"), and Assistant Fire Chief John Petrey ("Petrey") for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Stewart also brings various state law claims.  For the reasons discussed below, Defendants' motion is due to be GRANTED IN PART and DENIED IN PART.

I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367. Additionally, Defendants have not argued that the Court does not have personal jurisdiction over them.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate

1

in this district.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the district court accepts the plaintiff's allegations as true and reads them in the light most favorable to the plaintiff. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted). Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* Courts are also not "bound to accept as true a legal conclusion couched as a factual

2

allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. FACTS

Since this case is before the Court on a Motion to Dismiss, the Court accepts the following allegations in Stewart's complaint as true:

In 2006, Stewart was terminated by the Department and then arrested for a misdemeanor for not returning T-shirts, a sweat shirt, and sweat pants that he had purchased from the Department and considered his personal property. He was not allowed to view all of his property and was charged for not returning some items that were not in his possession. He appealed his termination to the Montgomery City-County Personnel Board and was reinstated to his former position with the Department. The misdemeanor prosecution initiated by the Department was dismissed.

On July 6, 2011, Stewart was terminated from the Department a second time. The termination followed an allegedly improper suspension concerning Stewart's refusal to sign a request for leave under the Family and Medical Leave Act that he did not believe applied to his circumstances. When he was terminated, Stewart was not allowed to go back into the fire station and property assigned to him, including a majority of the equipment used to fight fires, was handed to him in plastic garbage bags. Stewart was given the equipment in garbage bags in the parking lot of the station and was not allowed to inventory the contents of the bags. He was told to leave fire department premises immediately and that he was not allowed on Department property under any circumstances.

Stewart filed another appeal with the Montgomery City-County Personnel Board, which was scheduled for a hearing on July 26, 2011. Fulton contacted Stewart on July 11, 2011, and told Stewart that he must return all items that were issued to him by the Department to the supply division. Stewart stated that he did not know which items needed to be returned to the Department, and referred to the previous incident in which Stewart was arrested for a misdemeanor for not turning in the T-shirt, sweat shirt, and sweat pants. Stewart asked Fulton to have the supply division fax him an inventory of what he had been issued so he would know what to turn in. He was prepared to turn in the equipment and had no intent to keep firefighting equipment.

By letter dated July 12, 2011, Jordan ordered Stewart to turn in "all Fire Department property that you currently possess (such as uniforms and firefighting equipment)." The letter did not include the inventory Stewart had requested. The certified letter included the Department policy that Stewart was subject to felony prosecution if he did not return the unspecified items. Jordan had created this policy and was the final policymaker for such policies.

Stewart then called Petrey and told Petrey that he needed an inventory of what to return and that he was ready to turn in what was on the inventory once he received it. Petrey refused to send him an inventory. Stewart took the equipment that had been given to him in garbage bags and took it to the supply division, which is located at a place away from the main fire department station. Although there was a vehicle parked at the supply division, no

one would come to the locked door.  Stewart then took the equipment to the Department headquarters and attempted to turn it in to the Lieutenant at the desk, but the Lieutenant would not accept it.

On July 28, 2011, Fulton signed a sworn affidavit in support of a felony complaint for the arrest of Stewart for Theft of Property in the First Degree.  Stewart was arrested on July 29, 2011.  Fulton, under the direction of Jordan, traveled to Stewart's home and attempted to personally participate in Stewart's arrest, along with Wetumpka Police officers.  Fulton is assigned to the Arson Investigation Division of the Department and has arrest powers, but these powers are limited to arson offenses.  Stewart was not at home at the time because he was in Montgomery attempting to return the equipment.  Stewart later turned himself in to the police.  He had to remain in jail for one day before posting bond and being released.

The Department gave an inventory of property it claimed Stewart had stolen to the Montgomery County District Attorney even though it had refused to give the same inventory to Stewart after his repeated requests.  The inventory was a memorandum from Petrey addressed to Jordan. While the criminal action was pending, Petrey gave the inventory to the assistant City Attorney pursuing Stewart's termination from the Department.  The City Attorney gave the inventory to Stewart's attorney.  The City Attorney and Petrey went to Stewart's attorney's office and accepted the property at that time.  Petrey would not sign a receipt for the property without first calling and getting permission from Jordan.  Stewart's criminal charge terminated in his favoer on November 28, 2011, after the judge dismissed

5

the case upon the District Attorney's motion to nolle pross.

## IV. DISCUSSION

Stewart brings claims against the City of Montgomery and against Jordan, Petrey, and Fulton in their individual capacities for violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 (Count I)[1], for § 1983 civil conspiracy against Jordan, Petrey, and Fulton (Count II), for state law false imprisonment against Jordan, Petrey, and Fulton (Count III), and state law malicious prosecution against Petrey, Jordan, and Fulton (Count IV).[2] (Doc. #1.) Defendants' have moved to dismiss all claims. (Doc. #9.) The Court emphasizes that this Memorandum Opinion and Order addresses only those grounds for dismissal addressed by Defendants in their motion. (Doc. #9.)

### A.  Fourth Amendment Violation in Count I

Defendants move to dismiss Stewart's Fourth Amendment claim in Count I, which they construe as an unlawful arrest claim. (Doc. #9, at 1–2.) Defendants move to dismiss Stewart's alleged unlawful arrest claim on the grounds that it is barred by the statute of limitations and that Jordan, Petrey, and Fulton did not "seize" Stewart within the meaning of the Fourth Amendment because they did not apply the actual physical force resulting in his seizure.

---

[1] The Court will clarify which Fourth Amendment right is at issue below, as it is not clear from the face of Stewart's complaint.

[2] Stewart clarifies in his response brief that he does not bring a state law claim against the City of Montgomery pursuant to Alabama Code § 11-47-190 based on the state law claims in Counts III and IV.

In his response, Stewart clarifies that the Fourth Amendment violation alleged in Count I is a claim for § 1983 malicious prosecution, not a claim for unlawful arrest.[3] "[The Eleventh Circuit] has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). Unlike a Fourth Amendment claim for unlawful arrest, a § 1983 malicious prosecution claim does not accrue until the criminal proceedings are resolved in the plaintiff's favor. *Kelly v. Serna*, 87 F.3d 1235, 1239 (11th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 4789 (1994)). Here, the prosecution for theft was resolved in Stewart's favor on November 28, 2011, and Stewart's complaint was filed on November 26, 2013. (Doc. #1, at ¶ 34.) Thus, Stewart's malicious prosecution claim is within § 1983's two-year statute of limitations. Additionally, the Court finds that paragraphs 32–35 of Stewart's complaint do indicate that the Fourth Amendment claim in Count I is a malicious prosecution claim. Since Defendants have asserted no other grounds for dismissing Stewart's Fourth Amendment claim , Defendants' motion to dismiss the malicious prosecution claim in Count I is DENIED.[4]

---

[3] The Court notes that any claim for unlawful arrest would be time-barred because the unlawful arrest occurred on July 29, 2011, and Stewart's complaint was filed on November 26, 2013. This exceeds the two-year statute of limitations for § 1983 claims. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); Ala. Code § 6-2-38.

[4] The Court notes that Stewart's statement that "The seizure was continuing from arrest to the dismissal of the criminal case" is an incorrect statement of law, as is his citation to *Kingsland v. City of Miami*, 369 F.3d 1210, 1222 (11th Cir. 2004). The Eleventh Circuit vacated that opinion and substituted it with *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004) ("*Kingsland II*"). *Kingsland II* explicitly rejected the "continuing seizure" theory of Fourth Amendment malicious

**B.     Civil Conspiracy Claim in Count II**

Defendants move to dismiss Stewart's claim against Jordan, Petrey, and Fulton for § 1983 civil conspiracy on the grounds that his claim is barred by the intracorporate conspiracy doctrine. Under this doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc)). In his response, Stewart does not oppose Defendants' motion to dismiss his civil conspiracy claim. Accordingly, Defendants' motion to dismiss Count II of Stewart's complaint is GRANTED.

**C.     False Imprisonment Claim in Count III**

Defendants move to dismiss Stewart's state law false imprisonment claim on the grounds that Defendants had a reasonable belief that Stewart had committed theft of property. (Doc. #9, at 4–6.) "As a general rule, someone besides the person who actually makes an unlawful arrest can face liability for instigating or participating in another's false imprisonment." *Yabba v. Ala. Christian Academy*, 823 F. Supp. 2d 1247, 1251 (M.D. Ala. 2011) (citing *Crown Cent. Petrol. Corp. v. Williams*, 679 So. 2d 651, 654 (Ala. 1996)). However, someone who gives information to the police that leads to an arrest is not liable for false imprisonment unless the informer acts in bad faith. *Id.*; *see also Myles v.*

---

prosecution claims referred to by Stewart. *See* 382 F.3d at 1234–36.

*Screentech*, 98 So. 3d 563, 569 (Ala. Civ. App. 2012) ("A person who reports a suspicion that another person may be guilty of a crime cannot be liable for false imprisonment unless that person has acted in bad faith, without 'reasonable cause to believe' that the accused is guilty of the crime.") (quoting *Williams*, 679 So. 2d at 655)). Alabama courts use the same probable cause standard as that for malicious prosecution actions to determine whether a person is liable for giving information to police that results in an arrest. Probable cause is "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty." *Williams*, 679 So. 2d at 656 (internal quotations and citations omitted).

Defendants argue they had reasonable cause to believe that Stewart had committed the crime of theft of property because, although Stewart expressed his willingness to return Department property upon receiving an inventory of items he should return, he never contacted the supply division of the Department separately, which led Defendants to believe Stewart had no intention of returning the property. (Doc. #9, at 4–6.) Under Alabama law, a person commits the crime of theft of property if he or she "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his or her property . . . ." Ala. Code § 13A-8-2(1). "A specific criminal intent is an essential element of the crime of theft." *Lee v. State*, 439 So. 2d 818, 819 (Ala. Crim. App. 1983). Thus, the question is whether Stewart has alleged facts that would lead a man of ordinary caution and prudence to believe or entertain an honest suspicion that Stewart knowingly

9

exerted unauthorized control over the Department's property with the intent to deprive the Department of its property. *See Lindsey ex rel. Hodges v. Camelot Music, Inc.*, 628 So. 2d 314 (Ala. 1993) (analyzing false imprisonment based on reporting suspected shoplifters to police based on whether store employees had probable cause to believe plaintiff aided and abetted theft).

Stewart is correct to argue that, based on the allegations in his complaint, Defendants did not have probable cause to believe he had the intent to deprive the Department of its property after he contacted Defendants to arrange for a return of the property. (Doc. #19, at 3–4.) Stewart alleges that, when Fulton contacted him about returning the property, Stewart told Fulton that he did not know which items needed to be returned, but that he would return any Department property once they sent him an inventory of items to be returned. (Doc. #1, at ¶¶ 12–13.) Jordan then issued a letter demanding a return of the property but without including an inventory identifying which property should be returned. (Doc. #1, at ¶ 14.) When Stewart did not receive the inventory, he contacted Petrey to request an inventory and again indicated that he was willing to return Department property once it was identified. (Doc. #1, at ¶¶ 15–16.) Fulton nonetheless caused an arrest warrant to be issued for the arrest of Stewart for theft of property despite Stewart's previous statements that he would return the property once it was identified. (Doc. #1, at ¶ 33.) Defendants issued an inventory to the Montgomery County District Attorney after seeking prosecution, but did not give Stewart an inventory when he requested. (Doc. #1, at ¶ 25.) Once Stewart finally received

an inventory, he turned the equipment over to the Department. (Doc. #1, at ¶ 29.)

These facts, taken in the light most favorable to Stewart, establish that, at the very least, Defendants were aware that Stewart lacked the intent to deprive the Department of its property and that Stewart was only requesting that the property he needed to return be identified. The fact that Stewart could have, but did not, seek an inventory directly from the supply division is insufficient to establish that Jordan, Petrey, and Fulton had probable cause to believe Stewart stole the equipment. Therefore, Defendants' motion to dismiss Stewart's false imprisonment claim in Count III is DENIED.

**D.    State Law Malicious Prosecution Claim in Count IV**

Defendants move to dismiss Stewart's state law malicious prosecution claim contained in Count IV of his complaint for the same reasons they move to dismiss his false imprisonment claim. The elements of a malicious prosecution claim under Alabama law are: (1) that a judicial proceeding was initiated by the defendant against the plaintiff; (2) that the judicial proceeding was instituted without probable cause; (3) that the proceedings were instituted by the defendants maliciously; (4) that the judicial proceeding terminated in the plaintiff's favor; and (5) that the plaintiff suffered damages as a proximate cause of the judicial proceeding. *See Smith v. Wendy's of the South, Inc.*, 503 So. 2d 843, 844 (Ala. 1987). While a finding of probable cause necessarily implies a lack of malice, the lack of probable cause raises a presumption that the defendant acted with malice. *See Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 832–33 (Ala. 1999). This presumption can be rebutted with

a showing that the defendant acted in good faith. *Id.*

Stewart's complaint unquestionably alleges facts that establish the first, fourth, and fifth elements. (Doc. #1, at ¶¶ 20, 34, 35.) Defendants argue that they initiated the prosecution against Stewart with probable cause and that they therefore also lacked malice. For the same reasons the Court found that Stewart alleges facts plausible to show Defendants lacked probable cause to initiate his arrest, the Court also finds Defendants lacked probable cause to initiate a prosecution against Stewart. The complaint is also lacking allegations that would otherwise establish Defendants were acting in good faith–in fact, the complaint alleges they were acting quite the contrary. Accordingly, Defendants' motion to dismiss Stewart's state law malicious prosecution claim in Count IV of his complaint is DENIED.

## V. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. Defendants' motion to dismiss (Doc. #9) Stewart's § 1983 malicious prosecution claim in Count I of the complaint, his false imprisonment claim in Count III of the complaint, and his state law malicious prosecution claim in Count IV of the complaint is DENIED.

2. Defendants' motion to dismiss (Doc. #9) Stewart's § 1983 civil conspiracy claim in Count II of the complaint is GRANTED.

DONE this the 22nd day of May, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

12