IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LUTHER PAUL STEWART,           )
                               )
        Plaintiff,             )
                               )
v.                             )          Case No. 2:13-cv-859-MHT-PWG
                               )
THE CITY OF MONTGOMERY,        )
*et al.*,                      )
                               )
        Defendants.            )

## REPORT AND RECOMMENDATION

On November 26, 2013, Luther Paul Stewart ("Plaintiff") initiated this civil action with a complaint filed in Middle District of Alabama invoking the provisions of 42 U.S.C. § 1983 alleging that the City of Montgomery ("the City"), Montgomery Fire Chief Miford Jordan, Montgomery Fire Chief John Petrey, and Lieutenant William A. Fulton (collectively, "the Defendants"), violated his civil rights as secured by the Fourth Amendment to the United States Constitution. (Doc. 1). The complaint also asserts a claim of civil conspiracy to violate his constitutional rights and claims under the laws of the State of Alabama for false imprisonment and malicious prosecution. On May 22, 2014, United States District Judge Mark Fuller granted the Defendants' motion to dismiss Count II, Plaintiff's § 1983 civil conspiracy claim. (Doc. 20).

On November 25, 2014, United States District Judge Myron Thompson referred the case to the undersigned in accord with 28 U.S.C. § 636. (Doc. 26; *see also* 28

U.S.C. § 636(b); Rule 72, F.R.Civ.P.; *United States v. Raddatz,* 447 U.S. 667, 100 (1980); *Jefferey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990)). On April 17, 2015, after the close of discovery, the Defendants moved for summary disposition in accord with Rule 56, Fed. R. Civ. P. (Docs. 27 & 28). Plaintiff responded to the motion on July 13, 2015. (Doc. 31). The Defendants submitted a reply on July 21, 2015. (Doc. 32).

I.   **OPERATIVE FACTS**[1]

Plaintiff was an employee of the City in the Montgomery Fire Department ("MFD"). (Doc. 1 at 6). In 2006, Plaintiff was terminated from his employment with the MFD. (*Id*.). After he was fired, MFD brought misdemeanor theft charges against Plaintiff for failure to return certain items of property to MFD that had been issued to him. (*Id*.). However, Plaintiff appealed his termination and his position was reinstated. (*Id*.). Criminal charges were therefore dismissed and Plaintiff returned to work. (*Id*.).

On March 2, 2009, MFD Fire Chief Jordan issued a memorandum to "All Fire Department Personnel" regarding "Return of Fire Department Property." (Doc. 31-6 at 1). The memorandum stated, in pertinent part:

---

[1]   The following statements are the "facts" for summary judgment purposes only, and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir.1994). The court has gleaned these statements from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).

"This memorandum stands to clear up any misunderstanding and inform each member of the Department of their responsibilities regarding the returning of issued clothing and equipment prior to leaving employment of the Montgomery Fire/Rescue.  All member are fully aware it is their responsibility to return all issued clothing and equipment into Supply prior to their leaving the department. (Fire/Rescue issued property is to include all electronic devices and equipment, clothing, structural fire and EMS gear and equipment as well as any unmentioned equipment signed for by the employee.)

"Montgomery Fire/Rescue has recently experienced unnecessary difficulty in obtaining issued equipment from members of the Department who retire, resign, etc. ... In the event an employee works through their last day of employment, they must turn all issued gear and equipment into Supply within two business days from their last scheduled work day.

"Montgomery Fire/Rescue has several thousand dollars of clothing and equipment tied up in each member and has no choice but to take aggressive steps to retrieve that property to ensure that the City of Montgomery's property is accounted for. Therefore, the practice of tying up man hours, calling, and making numerous attempts to locate and urge an ex-employee to return City of Montgomery property is no longer acceptable. From this date forward, if an employee leaves the Department and fails to return all of the gear that was issued to them **within two business days** after their departure, a criminal warrant for Theft of Property will be secured against that employee.  There will be no exceptions to this policy."

(*Id.*)(emphasis in original).  During Plaintiff's deposition, in response to the question, "[A]s one of your duties, you were responsible for being knowledgeable of policies and procedures, correct?" Plaintiff responded, "Certainly." (Doc. 27-4 at 9).  Plaintiff testified that he understood the MFD policy "that any member who leaves the employment of Montgomery Fire/Rescue shall personally return all issued department

3

property to supply," (Doc. 27-4 at 11) and further testified that "you know, the City entrusts and issues that equipment, so you automatically know you're financially responsible for that equipment until you do turn it in." (Doc. 27-4 at 9).

On July 6, 2011, MFD again terminated Plaintiff's employment. (Doc. 1 at ¶ 7). On the day Plaintiff's employment was terminated, MFD personnel at his assigned fire station handed Plaintiff's equipment and belongings to him in two black plastic bags and escorted Plaintiff from the premises. (Doc. 1 at ¶ 9). Plaintiff filed an appeal of his termination with the City Personnel Board. (Doc. 1 at ¶ 11). On July 11, 2011, Lt. Fulton contacted Plaintiff and instructed him to return all MFD equipment to "Supply." (Doc. 1 at ¶ 12). Plaintiff alleged that his previous termination had resulted in charges being filed against him, and requested an inventory of items to be returned. (Doc. 1 at ¶ 13).  Plaintiff acknowledges receiving "probably about three of the same letters" from MFD advising him to return his equipment to MFD Supply. (Doc. 27-4 at 17). However, Plaintiff continued to request an inventory or list of items to be returned from Chief Petrey and Lt. Fulton before returning his equipment. (Doc. 1 at ¶¶ 13, 16; Doc. 31 at 2). Plaintiff made one attempt to turn in his equipment to Supply on the morning of July 28, 2011, "[b]ut supply was closed, locked up, and I could get no one to the door." (Doc. 27-4 at 22).  That same day under orders from Chief Jordan (Docs. 27-2, 27-3, 27-7), Lt. Fulton signed a sworn affidavit in support of a criminal complaint against Plaintiff for Theft of Property in the First Degree in Montgomery County. (Doc. 1 at ¶ 20). On the morning of July 29, 2011, Plaintiff turned himself in

4

and was arrested on the warrant for the criminal complaint. (Doc. 1 at ¶ 23).  Plaintiff was processed, posted bond, and was released that evening. (Doc. 1 at ¶ 24).

MFD provided an inventory to the Montgomery County District Attorney's office. (Docs. 27-2 at ¶ 8; 27-3 at 9-10).  On November 4, 2011, Plaintiff was indicted by a Montgomery County grand jury for Theft of Property in the First Degree. (Doc. 27-8).  On November 15, 2011, Plaintiff returned the equipment to MFD through his attorney pursuant to an agreement negotiated between counsel for the City and Plaintiff's counsel. (Doc. 27-2 at ¶ 9). After Plaintiff returned the equipment, Chief Jordan requested that the Montgomery County District Attorney drop all related charges against Plaintiff. (Doc. 27-3 at 8).  The Montgomery County District Attorney filed a motion to nolle pross the charges on November 23, 2011. (Doc. 31-5).  On November 26, 2013, Plaintiff filed his complaint in this court alleging four counts:

Count I - Fourth Amendment Malicious Prosecution

Count II - Civil Conspiracy - (Dismissed on May 22, 2014)

Count III - State Law False Imprisonment

Count IV - State Law Malicious Prosecution

## II.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment looks to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); *see also* Fed. R. Civ. P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets his evidentiary burden and demonstrates the absence

---

[2] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." Fed.R.Civ.P. 56(a), Advisory Committee Notes, 2010 Amendments.

of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine [dispute] for trial."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence ... that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs ., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence,

7

when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Importantly, however, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, 2011 WL 5838233, at *1 (S.D.Fla. Nov.21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1993)). In particular, summary judgment is inappropriate where the court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (noting a court must not weigh conflicting surveillance nor make credibility determinations when ruling on a motion for summary judgment); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Gary v. Modena*,

8

2006 WL 3741364, at *16 (11th Cir. Dec.21, 2006) (Rule 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Ramirez v. Nicholas*, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

## III.   DISCUSSION OF LAW

The Defendants argue that Plaintiff has failed to meet his burden of proof regarding the elements of his § 1983 malicious prosecution claim, specifically as to the element of malice and probable cause.

> "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003), cert. denied, 540 U.S. 879, 124 S.Ct. 298, 157 L.Ed.2d 143 (2003)."

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

> "[F]or purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution included: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused. 141 F.3d at 1004. We note that these are also the same elements required under Alabama law for the tort of malicious prosecution. *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 831-32 (Ala. 1999)."

*Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003)(footnote omitted).

"[A]lthough both state law and federal law help inform the elements of the common

law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Id.* at 882. "A grand jury indictment is prima facie evidence of probable cause which can be overcome by showing that it was induced by misconduct. *Lumpkin v. Cofield*, 536 So.2d 62, 64 (Ala.1988)." *Riley v. City of Montgomery, Ala.*, 104 F.3d 1247, 1254 (11th Cir. 1997).

> "As to the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment. *Brown*, 608 F.3d at 734; *Wood*, 323 F.3d at 882; *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Consequently, the existence of probable cause defeats a § 1983 malicious prosecution claim. *Kjellsen*, 517 F.3d at 1237; *Wood*, 323 F.3d at 882. 'Probable cause' is defined as 'facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.' *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975) (internal quotation marks, parentheses, and citations omitted). Probable cause may exist based on the collective knowledge of law enforcement officials derived from reasonably trustworthy information. *Madiwale v. Savaiko*, 117 F.3d 1321, 1324 (11th Cir. 1997).

*Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256-57 (11th Cir. 2010).

> "In determining whether probable cause existed, the facts should not be viewed in hindsight, but rather at the time the prosecution is instituted. See *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133, 139 (Ala.1984). Where material facts are disputed, the issue of probable cause is for the jury; however, where the material facts are not disputed, the issue is one of law for the court. See *S.S. Kresge*, 348 So.2d at 488. Put another way, if there are undisputed facts in the record establishing that the defendant had probable cause to pursue the criminal indictments, the plaintiff cannot recover for malicious prosecution. See *Eidson*, 527 So. 2d at 1285."

*U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1291 (11th Cir. 2001).

Plaintiff argues "there [was] no evidence available to the Defendants that the Plaintiff intended to deprive the City of its property [and the] Defendants knew that the Plaintiff intended to return the property once he was provided an inventory." (Doc. 31 at 8). Plaintiff further argues that before he "could be charged with theft there must be evidence he had the specific intent to deprive the City of its property." (*Id.*). However, the Eleventh Circuit has stated that

> "even for a criminal statute that requires proof of an intent to defraud for a conviction, an arresting officer does not need evidence of the intent for probable cause to arrest to exist. See *United States v. Everett*, 719 F.2d 1119, 1120 (11th Cir. 1983) (passing or possessing counterfeit money)."

*Jordan v. Mosley*, 487 F.3d 1350, 1356 (11th Cir. 2007). The Eleventh Circuit has further stated that

> "to establish probable cause for arrest for theft, a reasonable officer in [the defendant's] position was required to reasonably believe that [the plaintiff] had the specific intent to commit the crime of theft. ... *The question for this Court is not whether [the defendant's] subjective belief was reasonable*. Instead, the inquiry is 'whether a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law.' *Eubanks*, 40 F.3d at 1160."

*Rhodes v. Kollar*, 503 F. App'x 916, 923-24 (11th Cir. 2013)(emphasis added). Plaintiff's allegation that the Defendants had a subjective belief regarding his intent to retain the City's property is not relevant to the determination whether probable cause existed to support the prosecution of Plaintiff. Rather, "if there are undisputed

11

facts in the record establishing that the defendant had probable cause to pursue the criminal indictments, the plaintiff cannot recover for malicious prosecution." *Eidson*, 527 So. 2d at 1285.

In this case, it is undisputed that Plaintiff's employment was terminated on July 6, 2011. (Doc. 1 at ¶ 7). It is undisputed that MFD had a written policy requiring all issued equipment be returned to Supply within two business days of an employee's separation from employment with the City and that Plaintiff was aware of and understood the policy. (Doc. 27-4 at 9-11). It is further undisputed that MFD's equipment-return policy does not condition the employee's responsibility to return equipment on the provision of an inventory or list. (Doc. 27-1 at 2).  It is undisputed that Plaintiff received MFD's repeated written demands for the immediate return of all equipment, and that Plaintiff failed to return any of the equipment because he had demanded an inventory before relinquishing the City's equipment. (Docs. 1 at ¶¶ 13, 16; 27-4 at 17; and 31 at 2).

Plaintiff had an admitted responsibility to return the City's equipment to Supply within two days of his termination, Plaintiff failed to identify a statute, regulation, or policy that would entitle him to retain the equipment until or unless an inventory was prepared for him.  Defendants waited 22 days after Plaintiff's employment was terminated before initiating prosecution.  Plaintiff was indicted by a Montgomery County grand jury for Theft of Property in the First Degree. (Doc. 27-8). See *Riley*, 104 F.3d at 1254 ("A grand jury indictment is prima facie evidence of probable cause

12

which can be overcome by showing that it was induced by misconduct. *Lumpkin v. Cofield*, 536 So.2d 62, 64 (Ala.1988).").[3] Based on the undisputed facts as they existed at the time the warrant was sworn for Plaintiff's arrest, it is reasonable to infer that the Defendants had probable cause to pursue the criminal indictments. See *Eidson*, 527 So. 2d at 1285 (Holding that if "one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom ... then summary judgment in favor of the defendant on plaintiff's malicious prosecution count would be appropriate."). Accordingly, Defendants' motion for summary judgment as to both Plaintiff's § 1983 malicious prosecution and state law malicious prosecution claims is due to be granted in Defendants' favor.

The Defendants also argue that Plaintiff has failed to meet his burden of proof for his state law claim for false imprisonment stemming from Plaintiff's arrest. *See* § 6-5-170, Ala. Code 1975 ("False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."). Because Plaintiff has failed to demonstrate lack of probable cause for the

---

[3]Because the undisputed facts of the case otherwise demonstrate the existence of probable cause to initiate the prosecution, this recommendation does not rely on the grand jury indictment for prima facie evidence nor consider whether Plaintiff made a showing sufficient to overcome the prima facie evidence of probable cause based on that indictment.

prosecution that led to his arrest, the Defendants' motion for summary judgment is due to be granted in their favor on this count as well.

## IV.    CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' motion for summary judgment (Doc. 27) is due to be **GRANTED**.  The undisputed facts of this case demonstrate that probable cause existed to initiate the prosecution.   Therefore, summary judgment is due to be **GRANTED** as to Plaintiff's Fourth Amendment malicious prosecution claim, his state law false imprisonment claim, and his state law malicious prosecution claim.

It is **ORDERED** that the parties shall file any objections to this recommendation on or before **March 10, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

14

**DONE** and **ORDERED** this 25th day of February, 2016.

 /s/ Paul W. Greene                
United States Magistrate Judge